**James A. KODAK, Plaintiff–Appellant,**

v.

**Eric H. HOLDER, Jr., in his official capacity as Attorney General of the United States, and his employees, agents and successors in office, Defendant–Appellee.**

No. 09–1221.

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 10, 2009.

Decided: Aug. 26, 2009.

James A. Kodak, Appellant Pro Se.
Larry David Adams, Assistant United
States Attorney, Baltimore, Maryland, for
Appellee.

Before KING, DUNCAN, and AGEE,
Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

James A. Kodak appeals the district
court's dismissal of his First Amended
Complaint against the U.S. Attorney General
seeking an injunction to prevent the
enforcement of the federal ban on armor-
piercing ammunition, 18 U.S.C.
§ 922(a)(7), (8) (2006), and a declaratory
judgment that the ban is unconstitutional.
Finding no error, we affirm.

In his informal brief, Kodak argues that
the federal ban on armor-piercing ammunition
violates the Second Amendment because
"[i]t strikes at the very core of what
the right to keep and bear arms is all
about; the necessity to provide for an
effective citizens' militia." Kodak contends
that banning armor-piercing ammunition
essentially renders a militia and its
weapons useless because the enemy will be
wearing armor. Kodak also contends that
armor-piercing ammunition minimizes the
risk of death when used for self-defense.

The Second Amendment provides that
"[a] well regulated Militia, being necessary
to the security of a free state, the right of
the people to keep and bear Arms, shall
not be infringed." U.S. Const. amend. II.
In *District of Columbia v. Heller*, —— U.S.
——, 128 S.Ct. 2783, 2797, 171 L.Ed.2d 637
(2008), the Supreme Court held that the
Second Amendment "guarantee[s] the individual
right to possess and carry weapons
in case of confrontation." However, that
right is not unlimited. *Id.* at 2816. The
*Heller* Court clarified that "the Second
Amendment does not protect those weapons
not typically possessed by law-abiding
citizens for lawful purposes" and that "the
sorts of weapons protected were those in
common use at the time" the Amendment
was ratified. *Id.* at 2815–17 (internal quotation
marks and citation omitted). Further,
the *Heller* Court acknowledged that:

> It may be objected that if weapons that
> are most useful in military service–M–16
> rifles and the like-may be banned, then
> the Second Amendment right is completely
> detached from the prefatory
> clause. But as we have said, the conception
> of the militia at the time of the
> Second Amendment's ratification was
> the body of all citizens capable of military
> service, who would bring the sorts
> of lawful weapons that they possessed at
> home to militia duty. It may well be
> true today that a militia, to be as effective
> as militias in the 18th century,
> would require sophisticated arms that
> are highly unusual in society at large.
> Indeed, it may be true that no amount of
> small arms could be useful against modern-day
> bombers and tanks. But the
> fact that modern developments have limited
> the degree of fit between the prefatory
> clause and the protected right cannot
> change our interpretation of the
> right.

*Id.* We find that this analysis forecloses
Kodak's argument that armor-piercing ammunition
is necessary for an effective present-day
militia.

Additionally, the district court took judicial
notice that "armor-piercing ammuni-

tion is not in common use by law-abiding citizens for lawful purposes," noting that it "has no application for hunters" and "is frequently referred to as 'cop-killer bullets.'" Kodak argues that the proper question should be whether armor-piercing ammunition would be common in the absence of the federal ban. Even if possession of armor-piercing ammunition would be more common were it not banned, it does not necessarily follow that it would be commonly used by law-abiding citizens for lawful purposes, considering the great risk such ammunition poses to law enforcement officers. Therefore, we conclude that the federal ban on armor-piercing ammunition, pursuant to 18 U.S.C. § 922(a)(7), (8), does not violate the Second Amendment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*